IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALLEN ABNEY,
    Petitioner,

vs.                                              Case No.:  5:12cv19/MMP/EMT

PAIGE AUGUSTINE, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This case is before the court on an amended petition for writ of habeas corpus and supporting memorandum filed pursuant to 28 U.S.C. § 2241 (docs. 4, 5).  Petitioner paid the filing fee. Respondent filed a response (doc. 12); and Petitioner replied (doc. 14).

I.    BACKGROUND

      Following a jury trial in the United States District Court for the Western District of New York, Case No. 6:04cr06164-DGL-MWP, Petitioner was found guilty of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (*see* doc. 1 at 2; doc. 12 at 2). *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Verdict, Doc. 116 (W.D.N.Y. May 30, 2006) (a copy of the criminal docket is attached to this Report as Attachment 1).  On February 7, 2007, he was adjudicated guilty and sentenced as an armed career criminal, pursuant to 18 U.S.C. § 924(e) ("ACCA"), to 240 months of imprisonment followed by five (5) years of supervised release (*see* doc. 12 at 4).[1] *Id.*,

---

[1] Section 924(e) provides, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

Judgment, Doc. 140 (W.D.N.Y Feb. 9, 2007). Petitioner appealed the judgment and sentence to the Second Circuit Court of Appeals, Case No. 07-0491-cr (*see* doc. 1 at 2; doc. 4 at 1). *Id.*, Notice of Appeal, Doc. 141 (W.D.N.Y. Feb. 12, 2007). The appellate court dismissed the appeal on February 17, 2009. *Id.*, Mandate, Doc. 164 (W.D.N.Y. June 1, 2009).

Petitioner filed a motion to vacate sentence under 28 U.S.C. § 2255 (doc. 4 at 2–3; doc. 12 at 5). *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Motion to Vacate, Doc. 179 (W.D.N.Y. Oct. 5, 2009). The district court denied the motion (*id.*). *Id.*, Decision and Order, Doc. 187 (W.D.N.Y. Jan. 25, 2010) (a copy of the Decision and Order is attached to his Report as Attachment 2). Petitioner subsequently filed another § 2255 motion. *Id.*, Motion to Vacate, Doc. 196 (W.D.N.Y. Jan. 21, 2011). The district court construed the motion as a request for permission to file a second or successive § 2255 motion and transferred the motion to the Second Circuit. *Id.*, Decision and Order, Doc. 197 (W.D.N.Y. Jan. 25, 2011). On October 17, 2011, the Second Circuit denied Petitioner's motion to file a second or successive § 2255 motion. *See id.*, Mandate, Doc. 201 (W.D.N.Y. Dec. 23, 2011).

Petitioner filed his initial § 2241 petition in this case on January 25, 2012 (doc. 1). In his amended petition, he claims he is "actually innocent" of the ACCA enhancement, because two of his prior state convictions, in 1987 and 1998, did not qualify as "serious drug offenses," and the other two state convictions, in 1985 and 1989, did not qualify as "violent felonies" at the time he was convicted of those offenses (doc. 4 at 2; doc. 5 at 1–19; doc. 12 at 1–7). Petitioner contends the documents submitted by the Government in support of the ACCA enhancement demonstrate that the federal sentencing court applied Pennsylvania law at the time of his federal sentencing to determine whether the prior convictions qualified under the ACCA (doc. 5 at 1–19; doc. 12 at 1–7). *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Supplemental Statement of the Government with Respect to Sentencing Factors, Doc. 137, Ex. A (W.D.N.Y. Feb. 7, 2007) (a copy of the Supplemental Statement is attached to this Report as Attachment 3). He contends the subsequent Supreme Court decision in McNeill v. United States, — U.S. —, 131 S. Ct. 2218, 180 L. Ed. 2d 35 (2011), held "a federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' [for purposes of the ACCA] by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense <u>at the time of the defendant's state conviction for that offense</u>." 131 S. Ct. at

2224 (emphasis added). Petitioner additionally appears to challenge the legal sufficiency of the evidence upon which the federal sentencing court relied in imposing the ACCA enhancement. He contends the court relied upon police reports and criminal complaints to determine whether his prior convictions qualified under the ACCA, in violation of Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005). In Shepard, the Supreme Court held that inquiry under the "violent felony" definition of § 924(e)(B)(ii) to determine whether a prior plea of guilty to burglary necessarily admitted elements of burglary committed in a building or enclosed space, which is the only category of burglary included in § 924(e)(B)(ii), is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information, and may not be determined based upon police reports or criminal complaints. 544 U.S. at 26.

Petitioner contends as a result of the federal sentencing court's errors in applying the ACCA enhancement, his sentence exceeds the ten-year statutory maximum (doc. 4 at 3; doc. 5 at 1–19; doc. 12 at 1–7). Petitioner contends § 2255 is inadequate and ineffective to address the legality of his detention, because McNeill was decided after he filed his § 2255, and the law of the Second Circuit prior to McNeill squarely foreclosed his claims, as evidenced by the fact that McNeill expressly abrogated United States v. Darden, 539 F.3d 116 (2d Cir. 2008)  (doc. 5 at 4, 6–10, 18; doc. 12 at 2–5).

Respondent contends this court is without jurisdiction to consider the merits of the § 2241 petition, because Petitioner failed to show his petition qualifies under the "savings clause" of § 2255 (doc. 12 at 6–11). Respondent further contends that even if Petitioner was entitled to proceed under the "savings clause," he procedurally defaulted his challenges to his sentence by failing to raise them on direct appeal of his conviction (*id.* at 11–14).

II.     ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789.  *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution

or laws or treaties of the United States."  As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement.  342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.  *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999).  The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement.  *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2]  Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention.  *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review).  A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction.  Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Darby v. Hawk-Sawyer, 405 F.3d. 942, 945 (11th Cir. 2005). Failure to meet a single prong means a petitioner's claim fails. *See* Wofford, 177 F.3d at 1244; Flint v. Jordan, 514 F.3d 1165, 1168 (11th Cir. 2008).

Initially, Petitioner cannot satisfy the retroactivity prong of the Wofford standard with regard to his Shepard claims. The Supreme Court decided Shepard in 2005, two years prior to Petitioner's sentencing in February of 2007. Additionally, Petitioner has failed to establish that McNeill is retroactively applicable on collateral review. The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). The Supreme Court has not declared its decision in McNeill to be retroactively applicable, nor has the undersigned found any cases applying McNeill retroactively to cases on collateral review. Therefore, Petitioner failed to satisfy the first prong of the Wofford standard with regard to either of his claims.

Petitioner additionally failed to satisfy the second prong of the Wofford standard. The holdings of McNeill and Shepard do not establish Petitioner was convicted of a "nonexistent offense." Neither McNeill nor Shepard established that Petitioner's conduct did not violate 18 U.S.C. § 922(g)(1); indeed, neither case interpreted § 922(g) or any other offense statute. Instead, the Supreme Court interpreted a statutory sentence enhancement, the ACCA, in both cases. Sentence enhancements are not crimes. *See* Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) (noting that a defendant who is convicted and has a sentencing guidelines enhancement applied to his sentence "has

not been convicted of being guilty of the enhancement" because "[i]f guidelines enhancements were crimes, they would have to be charged in the indictment and proven to the jury beyond a reasonable doubt."). Therefore, it appears Petitioner failed to satisfy the second prong of the Wofford standard. *See, e.g.*, Dean v. McFadden, 133 Fed. Appx. 640, 642 (11th Cir. 2005) (§ 2241 petitioner failed to satisfy first and second prongs of Wofford standard, where he challenged 240-month sentence for distributing cocaine and cocaine base on ground that two state court convictions used to enhance his federal sentence were vacated relying on Daniels v. United States, 532 U.S. 374 (2001) (holding that after a sentencing proceeding has concluded, the defendant generally may not challenge his federal sentence through a § 2255 motion on the ground that his prior convictions were unconstitutionally obtained), where no cases held that Daniels was applicable retroactively, and Daniels did not establish that petitioner was convicted of non-existent offense).

Even assuming that Petitioner has shown his McNeill and Shepard claims may be raised in a § 2241 petition pursuant to the savings clause, he procedurally defaulted his Shepard claims, and he has failed to demonstrate he is entitled to relief on his McNeill claims.[3] The undersigned will first address Petitioner's nondefaulted claim, his McNeill claims. *See* Dretke v. Haley, 541 U.S. 386, 393–94, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004) ("a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."). Petitioner contends the sentencing court erred by relying upon Pennsylvania law as it existed at the time of his

---

[3] The undersigned conducts this merits analysis in light of Petitioner's claim that the erroneous application of the ACCA enhancement constituted a fundamental defect in sentencing, because it increased his sentence beyond the 10-year statutory maximum under 18 U.S.C. § 924(a)(2) (*see* doc. 4 at 3). The Eleventh Circuit has not decided whether such a claim may satisfy the savings clause. *See* Gilbert, 640 F.3d at 1306 ("We have no reason to decide whether to write [the Government's concession that a claim that a sentencing error resulted in a sentence longer than the statutory maximum may be brought in a § 2241 habeas petition by virtue of the savings clause] into the law of this circuit . . . ."). In Gilbert, the Eleventh Circuit also recognized that Wofford contains dicta that the savings clause "may conceivably" apply to some sentencing claims where there was a fundamental defect in sentencing, for example, error in the application of a sentence enhancement that resulted in a sentence that exceeded what would have been the statutory maximum without the error. 640 F.3d at 1319 n.20. The undersigned notes that the Eleventh Circuit has permitted a claim of this nature to proceed under § 2241, albeit in an unpublished decision, which is not binding precedent. *See* Chaplin v. Hickey, 458 Fed. Appx. 827, 2012 WL 488705, at *1 (11th Cir. 2012) (unpublished).

federal sentencing, instead of at the time of his state convictions, to determine whether his drug offenses qualified as "serious drug offenses."[4]

Petitioner failed to demonstrate his state convictions did not qualify as "serious drugs offenses" under Pennsylvania law as it existed at the time of his state convictions. The legislative history of the Pennsylvania statute at issue, clause (30) of section 13(a) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780-113(1)(30), demonstrates that the law in existence in 1987, when Petitioner was convicted of two counts of possession with intent to deliver cocaine, in Case Nos. 294-87 and 295-87, established the maximum penalty for the offense as ten (10) years of imprisonment.[5] *See* 35 P.S. § 780-113(1)(30) (1986); 35 P.S. § 780-104(2)(i)(4) (1985) (establishing cocaine as a Schedule II substance); 35 P.S. § 780-113(f)(1.1) (1986) (establishing ten-year maximum for possession with intent to deliver cocaine). The legislative history further demonstrates that the relevant sections of those statutes had not changed when Petitioner was convicted in 1998 of possession with intent to deliver cocaine, in Case No. 72-95.[6] *See* 35 P.S. § 780-113(1)(30) (1992);

---

[4] The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]". 18 U.S.C. § 924(e)(2)(A)(ii).

[5] The judgment of conviction and sentence in Case No. 294-87 shows that Petitioner pleaded guilty to Count 5 as charged in the Bill of Information. *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Supplemental Statement of the Government with Respect to Sentencing Factors, Doc. 137, Ex. B (W.D.N.Y. Feb. 7, 2007) (attached to this Report as Attachment 3). As Count 5, the Bill of Information charged Petitioner with possession with intent to deliver a controlled substance, in violation of 35 P.S. § 780-113(30). *Id.* The criminal complaint in that case alleged Petitioner sold 1/2 gram of cocaine to Detective Raymond Kuter on August 26, 1986. *Id.*

The judgment of conviction and sentence in Case No. 295-87 shows that Petitioner pleaded guilty to Count 5 as charged in the Bill of Information. *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Supplemental Statement of the Government with Respect to Sentencing Factors, Doc. 137, Ex. B (W.D.N.Y. Feb. 7, 2007) (Attachment 3). As Count 5, the Bill of Information charged Petitioner with possession with intent to deliver a controlled substance, in violation of 35 P.S. § 780-113(30). *Id.* The criminal complaint in that case alleged that on August 26, 1986, Detective John Murray discovered five (5) clear plastic bags of white powder, which was field tested and determined to be cocaine, on Petitioner's person, and after Detective Murray advised Petitioner of his constitutional rights, Petitioner told him the white powder was cocaine, and that selling it was his method of making money to support himself. *Id.*

[6] The judgment of conviction and sentence in Case No. 72-95 shows that Petitioner pleaded guilty to Count 2 as charged in the Bill of Information. *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Supplemental Statement of the Government with Respect to Sentencing Factors, Doc. 137, Ex. D (W.D.N.Y. Feb. 7, 2007) (Attachment 3). As Count 2, the Bill of Information charged Petitioner with possession with intent to deliver cocaine, in violation of 35 P.S. § 780-113(30). *Id.*

35 P.S. § 780-104(2)(i)4. (1996); 35 P.S. § 780-113(f)(1.1) (1992). Therefore, Petitioner's 1987 and 1998 convictions satisfied the definition of "serious drug offense" for purposes of the ACCA.

Moreover, assuming McNeill extends to a sentencing court's determination of whether a conviction qualifies as a "violent felony," Petitioner failed to demonstrate that his 1985 conviction for aggravated assault did not qualify as a "violent felony" under Pennsylvania law as it existed at the time of his state conviction.[7] The judgment of conviction and sentence in Petitioner's state case, Case No. 4404-84 states, "Court accepts deft's guilty plea as knowingly, intelligently, and voluntary entered to 4404-84 ct. 7 . . ." *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Supplemental Statement of the Government with Respect to Sentencing Factors, Doc. 137, Ex. A (W.D.N.Y. Feb. 7, 2007) (Attachment 3). The charging document charged Petitioner in Count 7 as follows, ". . . the above defendant(s) did unlawfully, intentionally or knowingly attempt to cause bodily injury to the said Wade Goodman with a deadly weapon, to wit: a baseball bat. 18 P.S. 2702(a)(4)." *See id.* From 1980 to 1986, section 2702(a)(4) of the Pennsylvania Statutes defined aggravated assault as "attempt[ing] to cause or intentionally or knowingly caus[ing] bodily injury to another with a deadly weapon." *See* Com. v. Paige, 287 Pa. Super. 133, 140, 429 A.2d 1135, 1339 (Pa. Super. 1981). This demonstrates the crime of which Petitioner was convicted had the attempted use of physical force against another person as an element. Further, at that time, a violation of § 2702(a)(4) was classified as a first degree misdemeanor, which carried a maximum possible jail sentence of five (5) years. *See* Com. v. Heck, 341 Pa. Super. 183, 203–04, 491 A.2d 212, 222–23 (Pa. Super. 1985). Accordingly, Petitioner's 1985 conviction satisfied the definition of "violent felony" for purposes of the ACCA.

Petitioner failed to establish he would not have been eligible for the ACCA enhancement if the federal sentencing court had followed McNeill. Therefore, he is not entitled to habeas relief on his McNeill claims.

As previously noted, Petitioner's Shepard claims are procedurally barred. Petitioner challenges the sufficiency of the documents considered by the federal sentencing court in determining whether his prior convictions qualified as "serious drug offenses" and "violent felonies." Petitioner

---

[7] The ACCA defines a "violent felony" in two ways: a crime that is punishable by imprisonment of more than one year and: (1) is a crime that has an element of the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. 18 U.S.C. § 924(e)(2)(B)(i), (ii).

had a procedural opportunity to raise these challenges and have them decided on direct appeal. If he did so, he may not re-litigate the claims in this habeas action. If he did not do so, the claims are procedurally defaulted.

A procedural default may be excused if one of the two exceptions to the procedural default rule applies: (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

In the instant case, Petitioner contends he was unable to raise any challenges to the ACCA enhancement during sentencing or on direct appeal because he was proceeding pro se and thus not "qualified" to raise such challenges (doc. 12 at 5). The docket and documents filed in Petitioner's federal criminal case show that after his trial and before sentencing, Petitioner insisted on representing himself. *See* United States v. Abney, No. 6:04cr06164-DGL-MWP, Minute Entry, Doc. 134 (W.D.N.Y. Jan. 24, 2007), Minute Entry, Doc. 138 (W.D.N.Y. Feb. 7, 2007) (*see* Attachment A); *see also id.*, Decision and Order, Doc. 187 (W.D.N.Y. Jan. 25, 2010) ("At sentencing, Abney once again requested to proceed *pro se* in spite of the Court's admonition and recommendation that he reconsider such a request. The court did allow Abney to proceed *pro se* but kept counsel as standby-counsel. Eventually, Abney declined to participate at the sentencing proceeding") (*see* Attachment B). Petitioner's pro se status and resulting lack of "qualifications" to assert his Shepard claims on direct appeal were not external impediments. Therefore, he failed to establish he is entitled to review of his claims through the "cause and prejudice" portal.

Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a petitioner's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself.[8] *See* Dretke v. Haley, 541

---

[8] Several other circuits have spoken on the issue of whether the actual innocence exception extends to the noncapital sentencing context but have reached divergent conclusions. The Second and Fourth Circuits have held that the actual innocence of sentence exception does apply in the noncapital sentencing context. *See* Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 171 (2d Cir. 2000); United States v. Maybeck, 23 F.3d

U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004); Sibley v. Culliver, 377 F.3d 1196, 1205 (2004). Neither the Supreme Court nor the Eleventh Circuit has extended the actual innocence exception to the non-capital sentencing context.[9] *See* McKay, 657 F.3d at 1197.

Despite the lack of binding precedent on this question, the Supreme Court and the Eleventh Circuit have articulated several principles that guide resolution of the instant case. First, and most important, for purposes of the actual innocence exception, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (emphasis added); Sawyer v. Whitley, 505 U.S. 333, 339–40, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."); McKay, 657 F.3d at 1197. This is true whether the allegation of actual innocence is of the crime or of the sentence. Bousley, 523 U.S. at 623 (involving claim of actual innocence of the crime); Sawyer, 505 U.S. at 339 (involving claim of actual innocence of the capital sentence).

Second, the actual innocence exception is a narrow exception. *See, e.g.*, Sawyer, 505 U.S. at 340 (describing approvingly how, in previous cases, the Court had "emphasized the narrow scope of the fundamental miscarriage of justice exception"); *see also id.* at 341 ("bear[ing] in mind that the exception for 'actual innocence' is a very narrow exception"); McCleskey, 499 U.S. at 502 (referring to the actual innocence exception as "[t]hat narrow exception"); Schlup v. Delo, 513 U.S. 298, 333, 115 S. Ct. 851, 130 L. Ed. 2d (1995) (O'Connor, J., concurring) (describing the actual innocence exception as a "safety valve for the extraordinary case") (internal quotation marks and citation omitted); Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (describing the actual innocence

---

888, 892–93 (4th Cir. 1994). The Fourth Circuit, however, limits its application to claims of actual innocence of career or habitual offender sentences. *See* United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999). The Eighth and Tenth Circuits, on the other hand, have explicitly held that the actual innocence of sentence exception is limited to the capital sentencing context. *See* Embrey v. Hershberger, 131 F.3d 739, 740 (8th Cir. 1997) (en banc) ("[W]e think that Sawyer [v. Whitley, 505 U.S. 339, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992)], in terms, applies only to the sentencing phase of death cases."); United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) ("A person cannot be actually innocent of a noncapital sentence . . . .").

[9] The Eleventh Circuit decision in Gilbert, 640 F.3d 1293 (2011) evinced a general reluctance to extend the actual innocence exception beyond the capital sentencing context. *See id.* at 1321 (finding that "the better view is that the [actual innocence of sentence] exception does not apply to non-capital sentencing errors") (citations omitted).

exception as "exceedingly narrow in scope"). Indeed, the very reason the miscarriage of justice exception was linked to a petitioner's actual innocence was to ensure that this exception "would remain 'rare' and would only be applied in the 'extraordinary case.'" Schlup, 513 U.S. at 321.

Third, as the Supreme Court has specifically instructed, restraint must be exercised when determining whether to expand the exceptions to the procedural default rule. *See* Haley, 541 U.S. at 394 ("[I]t is precisely because the various exceptions to the procedural default doctrine are judge-made rules that courts as their stewards must exercise restraint, adding to or expanding them only when necessary."). The Supreme Court has explained that "[t]o hold otherwise would be to license district courts to riddle the cause and prejudice standard with ad hoc exceptions whenever they perceive an error to be 'clear' or departure from the rules expedient." *Id.* at 394–95. "Such an approach," the Court observed, "would have the unhappy effect of prolonging the pendency of federal habeas applications as each new exception is tested in the courts of appeals." *Id.* at 395.

With these principles in mind, the undersigned faces the question of whether the actual innocence of sentence exception applies to Petitioner's claim that he was erroneously sentenced as a career offender because the sentencing court relied upon insufficiently reliable evidence (for example, criminal complaints) to determine whether his prior convictions constituted "serious drug offenses" and "violent felonies." To answer this question, the court need not enter the debate regarding whether the actual innocence exception extends to the noncapital sentencing context. Even assuming that this exception does extend beyond the capital sentencing context, it still does not apply to Petitioner because his claim is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview. *See* Bousley, 523 U.S. at 623; Sawyer, 505 U.S. at 339; McKay, 657 F.3d at 1198.

The circuit courts that have recognized an actual innocence exception in the noncapital context have made clear that, for the actual innocence exception to apply, a petitioner must show that he is factually innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence. In other words, a claim of mere legal innocence of a sentence would not win the day in either of those circuits. In Spence, 219 F.3d 162, for example, the Second Circuit held that the actual innocence exception applied to excuse the petitioner's procedural default because he had shown that

he had not actually committed the underlying conduct—in that case, a robbery—on which his enhanced sentence was based. *Id.* at 172.

Similarly, in <u>Maybeck</u>, 23 F.3d 888, the Fourth Circuit held that the § 2255 movant was actually innocent of his career offender sentence because he was "actually innocent of one of the predicate requirements for classification as a career offender"—that is, he was factually innocent of one of the prior convictions justifying his career offender sentence. *Id.* at 890, 894. And in <u>United States v. Pettiford</u>, 612 F.3d 270 (4th Cir. 2010), the Fourth Circuit expressly clarified that the actual innocence of sentence exception "applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *Id.* at 284. In <u>Pettiford</u>, the § 2255 movant claimed that he was actually innocent of his ACCA-enhanced sentence on the ground that his prior conviction for assault did not qualify as a "violent felony." *Id.* at 282. The Fourth Circuit held, however, that the actual innocence exception did not apply to this kind of non-factual claim because, unlike the movant in <u>Maybeck</u>, Pettiford "ma[de] no suggestion whatsoever that he did not actually commit the . . . assault. Rather, he ma[de] the legal argument that this conviction should not have been classified as a 'violent felony' under the ACCA." *Id.* at 284. And, the Fourth Circuit concluded, "[t]his argument . . . is not cognizable as a claim of actual innocence." *Id.*

In the instant case, Petitioner makes the purely legal argument that he is actually innocent of his ACCA sentence because the documents upon which the sentencing court relied were insufficiently reliable to determine whether his 1987 and 1998 convictions for possession with intent to distribute cocaine and his 1985 conviction for attempt to cause bodily injury with a deadly weapon should have been classified as "serious drug offenses" and a "violent felony," respectively, under the ACCA. He relies upon <u>Shepard v. United States</u>, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), in which the Supreme Court held that inquiry under the "violent felony" definition of § 924(e)(B)(ii) to determine whether a prior plea of guilty to burglary necessarily admitted elements of burglary committed in a building or enclosed space, which is the only category of burglary included in § 924(e)(B)(ii), is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was

confirmed by the defendant, or to some comparable judicial record of this information, and may not be determined based upon police reports or criminal complaints. 544 U.S. at 26.

In the instant case, Petitioner does not even suggest he did not actually commit the crime of attempt to cause bodily injury with a deadly weapon; nor does he suggest he did not actually commit the crime of possession with intent to distribute cocaine in 1998. In other words, he makes no claim of factual innocence of either of these predicate offenses. Instead, he makes the purely legal argument that the documents submitted by the Government were not sufficiently reliable to establish that the crimes fit under the ACCA's definitions of "serious drug offense" and "violent felony."[10] The Eleventh Circuit refuses to hold that the actual innocence exception is available for claims of purely legal innocence. *See* McKay, 657 F.3d at 1199. Therefore, his claim of actual innocence fails with respect to his 1985 and 1998 prior convictions.

With regard to his 1987 convictions for possession with intent to distribute cocaine, Petitioner alleges he did not plead guilty to cocaine but "another substance which resulted in a lower maximum sentence" (doc. 5 at 14–15). He further alleges he advised the federal sentencing court that his 1987 conviction was "not for cocaine" (doc. 12 at 3). However, he has not come forward with any newly discovered, reliable evidence showing he pleaded guilty to possession of a substance other than cocaine. It is Petitioner's burden to make a colorable showing of actual innocence, and he has failed to satisfy that burden here. Therefore, he failed to show he is entitled to review of his Shepard claims under the actual innocence exception to the procedural bar.

III. CONCLUSION

In summary, review under § 2241 appears to be unavailable because Petitioner challenges the validity of his sentence, not the execution thereof. Furthermore, he has not shown that his claims satisfy the three conditions set forth in Wofford. Even assuming Petitioner's claim of a fundamental defect at sentencing qualified his petition for review under § 2241, he failed to demonstrate he is entitled to relief on his McNeill claims, and his Shephard claims are procedurally barred. Therefore,

---

[10] With regard to Petitioner's 1998 conviction for possession with intent to distribute cocaine, he makes the additional argument that the state criminal statute upon which his conviction was based is vague and ambiguous, because the statutory maximum was based upon the type of drug possessed (doc. 5 at 17–18). This is also a purely legal argument which does not qualify under the actual innocence exception.

Case No: 5:12cv19/MMP/EMT

Petitioner failed to establish the federal sentencing court erred by imposing the ACCA enhancement. Accordingly, his § 2241 should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 4) be **DENIED**.

At Pensacola, Florida this 11th day of June 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).